IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| GEORGE ALLEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV505-51 |
| | ) | |
| BAPTIST VILLAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Plaintiff George Allen's "Motion to Stay Enforcement of Judgment." (Doc. 42.) Plaintiff brought this action alleging that he was terminated on the basis of race in violation of Title VII. Defendant Baptist Village maintained that it fired Plaintiff because he violated personnel policies by repeatedly tapping into a resident's phone line in order to make lewd personal calls. On July 5, 2006, the Court granted summary judgment to Defendant Baptist Village on the grounds that Plaintiff's charge was untimely filed with the EEOC. After Plaintiff filed a Motion to Alter or Amend Judgment, the Court reconsidered its prior ruling and held that Plaintiff's charge had been timely filed with the EEOC. The Court then considered the merits of Plaintiff's claim in a thorough Order dated January 30, 2007. The Court again granted summary judgment to Defendant, holding that Plaintiff (1) failed to establish a

prima facie case on his race discrimination claim; (2) presented no evidence showing that Defendant's nondiscriminatory reason for the firing was pretextual; and (3) failed to present evidence of a causal connection in his retaliation claim.

On February 6, 2007, costs were taxed against Plaintiff in the amount of $2,383.30. Plaintiff has appealed this Court's Order granting summary judgment, and seeks a stay of the judgment. Specifically, Plaintiff requests a stay without the necessity of posting a supersedeas bond, or in the alternative that the Court stay enforcement of the judgment with supersedeas bond. Defendant opposes the motion to stay.

Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay by giving a supersedeas bond.[1] "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). "[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond" in accordance with Rule 62(d). Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3, 17 L. Ed. 2d 37 (1966). The stay becomes effective

---

[1] Rule 62(d) provides that: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be."

2

when the supersedeas bond is approved by the Court. Fed. R. Civ. P. 62(d).

Under certain circumstances, a district court, in its discretion, may depart from the general rule and allow the stay of execution without the posting of such a bond. See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794 (7th Cir. 1986). Where the appellant "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the Court a financially secure plan for maintaining the same degree of solvency during the period of appeal," the district court may waive the requirement of posting a bond. Poplar Grove, 600 F.2d at 1191; accord Olympia Equip., 786 F.2d at 796.

In the instant case, Plaintiff has not submitted any evidence, by affidavit or otherwise, to persuade the Court to deviate from the standard bond requirement. Therefore, Plaintiff's request for a stay without supersedeas bond is **DENIED**. Nonetheless, the Court hereby **ORDERS** that Plaintiff shall have fifteen (15) days from the date of this Order within which to post a full-security supersedeas bond, pursuant to Federal Rule of Civil Procedure 62(d) and in accordance with Local Rule 67.1, failing which any and all rights to apply for a

3

stay of execution of the judgment in this case shall be deemed waived.

SO ORDERED this 14th day of May, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA